# KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

MICHAEL M. FAY
212-506-1706
mfay@kasowitz.com

ATLANTA
HOUSTON
MIAMI
NEWARK
SAN FRANCISCO

June 15, 2012

**VIA FACSIMILE**

The Honorable Victor Marrero
United States District Court for the
 Southern District of New York
United States Courthouse
500 Pearl Street, Suite 660
New York, NY 10007


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/21/12

Re: *MASTR Asset Backed Securities Trust 2007-WMC1 v. WMC Mortgage LLC,*
No. 12 Civ. 3575 (S.D.N.Y.) (VM)

Dear Judge Marrero:

We represent U.S. Bank National Association, solely in its capacity as the trustee (the "Trustee") for the MASTR Asset Backed Securities Trust 2007-WMC1 (the "Trust") in the above-referenced action. We write in response to the June 13, 2012 letter to Your Honor from defendant WMC Mortgage LLC, the successor to WMC Mortgage Corp. (collectively, "WMC"), requesting a pre-motion conference regarding a motion to transfer this action to the District of Minnesota. The Trustee respectfully submits that WMC's request should be denied, as the proposed motion is an impermissible effort at forum shopping.

WMC asserts that this case belongs in Minnesota because it is related to several other cases pending there. However, three of those actions are anticipatory declaratory actions which WMC filed this past Friday, June 8, 2012 (the "Minnesota Declaratory Actions"). Courts in this District have actually enjoined parties form litigating actions such as the Minnesota Declaratory Actions where it is clear that they have been "filed in response to a direct threat of litigation that gives specific warnings as to deadlines and subsequent legal action." *Michael Miller Fabrics, LLC v. Studio Imports Ltd. Inc*, 2012 U.S. Dist. LEXIS 79424, at *6 (S.D.N.Y. June 7, 2012) (Wood, J.) (quotations omitted). *See also AFA Dispensing Grp. B.V. v. Anheuser-Busch, Inc.*, 740 F. Supp. 2d 465, 470 (S.D.N.Y. 2010) (Marrero, J.) (exercising jurisdiction over second-filed case where first-filed action was anticipatory). In fact, one of the Minnesota Declaratory Actions – *WMC Mortgage, LLC v. MASTR Asset Backed Securities Trust 2007-WMC1*, No. 12 Civ. 1372 – concerns the exact Trust at issue in this action and arises out of the very same agreements attached to the Trustee's complaint here, which was filed on May 4, 2012.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

The Honorable Victor Marrero
June 15, 2012
Page 2

Further, earlier this week, the Minnesota judge to whom WMC seeks to transfer this action, the Honorable Paul A. Magnuson, recused himself from the one non-declaratory judgment action in Minnesota, *MASTR Asset Backed Securities Trust 2006-HE3, by U.S. Bank National Association v. WMC Mortgage Corp.*, No. 11 Civ. 2542 (the "HE3 Action").[1] (*See* Recusal Order attached as Exhibit A hereto.) All four of the Minnesota actions are now pending before different judges.

In any event, WMC's purported grounds for transfer fail to meet its burden under 28 U.S.C. § 1404(a). When WMC originated and sold the Loans to the Trust, WMC maintained an office in Orangeburg, New York. Despite WMC's self-serving statements to the contrary, the Trustee has, to date, identified former employees of that New York office who have knowledge of WMC's lending practices,[2] and the Trustee intends to interview or depose those witnesses. Moreover, WMC was and remains to this day an affiliate of the General Electric Capital Corporation, which likewise has an office in New York and is based in Connecticut. In addition, WMC executed the Purchase Agreement with UBS Real Estate Securities Inc. and Mortgage Asset Securitization Transactions, Inc., both corporations with principal places of business in New York. Further, the operative agreements in this action are all governed by New York law. Lastly, although WMC admits that the "convenience of the witnesses" is the most critical consideration on this motion, it identifies no Minnesota witnesses with knowledge of the central issue in this action: WMC's origination of the Loans.

WMC's arguments that "at least some of U.S. Bank's documents are likely located in Minnesota" is of little relevance; the Trustee's involvement with the Loans arose only after those Loans were originated, and its witnesses and documents will have little bearing on the core Loan origination issues in this case. Moreover, the Trustee has chosen New York as a convenient forum, and that choice is entitled to significant deference: "The burden of demonstrating the desirability of transfer lies with the moving party, and in considering the motion for transfer, a court should not disturb a plaintiff's choice of forum unless the defendants make a clear and convincing showing that the balance of convenience favors defendants' choice." *CAVU Releasing, LLC v. Fries*, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005) (Holwell, J.) (quotation omitted). WMC fails to show how Minnesota is clearly and convincingly a better forum for this action.

---

[1] The Trustee filed the HE3 Action in Minnesota principally because there were two defendants in that action, WMC and Equifirst Corporation. Equifirst is a North Carolina corporation.

[2] Indeed, some of WMC's most vocal critics are former employees of WMC's Orangeburg office. *See, e.g.*, Michael Hudson, *Fraud And Folly: The Untold Story Of General Electric's Subprime Debacle*, IWATCH NEWS, Jan. 2012, *available at* http://www.iwatchnews.org/2012/01/06/7802/fraud-and-folly-untold-story-general-electric-s-subprime-debacle; Transcript of 355: The Giant Pool Of Money, This American Life (May 2008), *available at* http://www.thisamericanlife.org/radio-archives/episode/355/transcript.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

The Honorable Victor Marrero
June 15, 2012
Page 2

In light of the foregoing, WMC will be unable to demonstrate that the facts weigh in favor of transfer, and its request for permission to file a Section 1404(a) motion should be denied. We look forward to discussing this matter further with Your Honor at the Court's convenience.

Respectfully,

Michael M. Fay.

cc (by hand delivery and facsimile):

Anthony S. Barkow, Esq.
Jenner & Block LLP
919 Third Avenue, 37th Floor
New York, New York 10022

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Plaintiff U.S. Bank National Association.

SO ORDERED.

6-21-12
DATE   VICTOR MARRERO. U.S.D.J.

JUN. 15. 2012  Case 1:12-cv-03575-VM Document 8   Filed 06/21/12   Page 3 of 5   NO. 3251   P. 4

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MASTR Asset Backed Securities
Trust 2006-HE3, by U.S. Bank
National Association,
*solely in its capacity as the Trustee
pursuant to a Pooling and Servicing
Agreement, dated as of August 1, 2006*

Civil 11-2542 (PAM/TNL)

Plaintiffs,

v.

WMC Mortgage Corporation

Defendant.

---

### ORDER OF RECUSAL AND DIRECTION TO THE CLERK OF COURT FOR REASSIGNMENT OF CASE

The above-captioned case has been assigned to the undersigned, a Judge of the above Court. Pursuant to Title 28, United States Code, Section 455, the undersigned recuses himself from hearing this matter. Accordingly,

**IT IS HEREBY ORDERED,** that pursuant to this Court's Assignment of Cases Order filed December 19, 2008 the above captioned action shall be resubmitted to the Clerk of Court for reassignment. The Clerk of Court shall not replace a card in the Master list for the undersigned.

**IT IS FURTHER ORDERED** that a copy of this Order shall be filed in the above captioned case.

DATED: June __14__, 2012

                              *s/Paul A. Magnuson*
                              Paul A. Magnuson, Judge
                              United States District Court