

**JENNER&BLOCK**

June 13, 2012

Jenner & Block LLP
919 Third Avenue
37th Floor
New York, NY 10022
Tel 212-891-1600
www.jenner.com

Chicago
Los Angeles
New York
Washington, DC

VIA FACSIMILE

Anthony S. Barkow
Tel 212 891-1662
Fax 212 909-0860
abarkow@jenner.com

The Honorable Victor Marrero
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *U.S. Bank National Ass'n, as Trustee of MASTR Asset Backed Securities Trust 2007-WMC1 (the "Trust") v. WMC Mortgage, LLC; Civil Action No. 12 CIV 3575 (VM)*

Dear Judge Marrero:

I write on behalf of defendant WMC Mortgage, LLC ("WMC") in the above-captioned action and pursuant to your Individual Rules of Practice. WMC respectfully requests a pre-motion conference prior to filing a motion to transfer the above-captioned litigation to the United States District Court for the District of Minnesota. Counsel for WMC is available for this pre-motion conference June 25 or 26, 2012, or at such other time that is convenient for your Honor.

Pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and judicial economy, the Court should transfer this action to the District of Minnesota, where U.S. Bank has a pending lawsuit against WMC relating to WMC's rights and obligations under the same agreement that is at issue in this action: the December 1, 2005 Amended and Restated Master Seller's Purchase and Warranties Agreement between WMC Mortgage Corp. and UBS Real Estate Securities Inc. (the "Agreement").

*The Pending Minnesota Litigations.*

U.S. Bank is trustee for several trusts that acquired mortgage loans sold by WMC Mortgage Corp. per the Agreement. U.S. Bank sent WMC letters on behalf of several trusts, demanding that WMC repurchase certain loans pursuant to the Agreement. On September 2, 2011, U.S. Bank, as trustee for MASTR Asset Backed Securities Trust 2006-HE3, sued WMC in the District of Minnesota, alleging that WMC breached the Agreement by failing to repurchase certain loans. *MASTR Asset Backed Securities Trust 2006-HE3, by U.S. Bank National Association v. WMC Mortgage Corp.*, No. 0:11-cv-02542 (PAM/TNL) (the "Pending MABS 2006-HE3 Case").

The Pending MABS 2006-HE3 Case and the case pending before Your Honor are related because the Agreement governs the parties' rights and obligations in both actions. In both lawsuits, U.S. Bank, as trustee, alleges that WMC has breached the representations and

warranties it made in the Agreement. In fact, in the Pending MABS 2006-HE3 Case, the Minnesota court already has considered and construed some of the same provisions of the Agreement that are at issue in this action, when the court ruled on WMC's motion to dismiss. *See MASTR Asset Backed Securities Trust 2006-HE3 v. WMC Mortgage Corp.*, No. 11-2542, 2012 WL 539374 (D. Minn. Feb. 16, 2012). Three months following the Minnesota court's ruling in the Pending MABS 2006-HE3 Case, in which the court dismissed certain of U.S. Bank's claims, U.S. Bank filed the instant action in this Court.

In addition to the Pending MABS 2006-HE3 Case, WMC filed in the District of Minnesota declaratory judgment actions against three MASTR trusts for which U.S. Bank serves as trustee involving WMC's rights related to the repurchase of loans per the Agreement – including the Plaintiff Trust in this action. *See WMC Mortgage, LLC v. MASTR Asset Backed Securities Trust 2006-WMC2* No. 0:12-cv-01371; *WMC Mortgage, LLC v. MASTR Asset Backed Securities Trust 2006-WMC3* No. 0:12-cv-01370; *WMC Mortgage, LLC v. MASTR Asset Backed Securities Trust 2007-WMC1* No. 0:12-cv-01372, all of which have been assigned to Judge Magnuson as related cases to the Pending MABS 2006-HE3 Case. WMC initiated these declaratory judgment actions so that the parties' rights and obligations under the Agreement could be decided in a single forum, by a single judge. WMC believes that judge should be the one who already has studied the Agreement and issued a ruling regarding its interpretation.

### *The Court Would Be Well Within Its Discretion To Transfer This Action to Minnesota.*

Section 1404 "is a statutory recognition of the common law doctrine of *forum non conveniens* as a facet of venue in the federal courts." *Orb Factory, LTD v. Design Science Toys, Ltd.*, 6 F. Supp. 2d 203, 207 (S.D.N.Y.1998). As the Court has stated, "the purpose of [Section 1404] is to 'prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Summit v. U.S. Dynamics Corp.*, No. 97-9224, 2000 WL 502862, at *2 (S.D.N.Y. Apr. 27, 2000) (J. Marrero).

When deciding a transfer request, courts engage in a two-pronged inquiry:

*First*, the court must determine whether the instant action could have been brought in the proposed transferee district. Here, there can be no doubt that the instant litigation could have been filed in Minnesota; the parties are already litigating several disputes over the Agreement there – the first of which was filed by U.S. Bank. U.S. Bank is headquartered in Minnesota, and is therefore subject to personal jurisdiction there. As a result, venue in Minnesota also is proper under 28 U.S.C. § 1391 because U.S. Bank is a resident of Minnesota.

*Second*, the Court examines the relevant factors for transfer. Those factors support transfer of this case to the District of Minnesota.

"The most important factor" in considering a transfer is the convenience of the witnesses. *Herbert Ltd. v. Electronic Arts Inc.*, 325 F. Supp. 282 (S.D.N.Y. 2004). Here, WMC is not aware of any relevant witness who is located in New York; U.S. Bank is headquartered in

The Honorable Victor Marrero
June 13, 2012
Page 3

Minnesota, the Trust's Master Servicer receives notices relating to the Trust in Minnesota, WMC's employees are in California, and any potential third-party witnesses of whom WMC is presently aware reside outside of New York, beyond the subpoena power of the New York court. Minnesota, U.S. Bank's home state, is more than 1,000 miles closer to WMC than is New York. Indeed, U.S. Bank, which sued WMC in the District of Minnesota in the Pending MABS 2006-HE3 Case alleging claims arising out of the same Agreement that is at issue here, cannot reasonably contend that its home forum is inconvenient.

Other factors that favor transfer include: (i) WMC's documents reside in California, while at least some of U.S. Bank's documents likely are located in Minnesota; (ii) the relevant communications and information exchanges relating to U.S. Bank's repurchase requests were directed to or from Minnesota; (iii) the Minnesota courts can easily apply New York contract law, as the Minnesota court already has done so in the Pending MABS 2006-HE3 Case to interpret the Agreement at issue here; (iv) it would be more convenient and economic for the parties to litigate the repurchase disputes arising out of the Agreement in a single, Minnesota forum, particularly given that U.S. Bank resides there and WMC is a discontinued operation; and (v) the interests of judicial economy and justice, including the parties' interest in having consistent rulings govern their Agreement, would best be served by having this case proceed in the Minnesota court in which the parties' related actions are pending.

Finally, U.S. Bank's choice of a New York forum for this particular action should be accorded diminished or no weight because U.S. Bank and the operative facts "have few meaningful connections" to New York and because U.S. Bank's choice of forum appears driven by a desire to avoid their home forum. *Ayala-Branch v. Tad Telecom, Inc., 197 F. Supp. 2d 13, 15 (S.D.N.Y. 2002); Phipps v. New York*, No. 07-1330, 2007 WL 1541368, at *1 (E.D.N.Y. May 25, 2007). Accordingly, the District of Minnesota is the proper forum for this dispute, and Defendant respectfully requests that this Court transfer this litigation to Minnesota.

Concurrent with this letter, and consistent with the Court's Individual rules of Practice, WMC has sent opposing counsel a letter outlining the deficiencies in the Complaint that require dismissal. WMC respectfully suggests that, at the pre-motion conference for its motion to transfer, the parties discuss with the Court whether the motion to dismiss should be filed at this time or await this Court's ruling on the Defendant's request to transfer the action.

Thank you for your consideration of this matter.

Respectfully Submitted,

Anthony Barkow /DPS

Anthony S. Barkow

cc: Marc E. Kasowitz, Esq.
Barbara S. Steiner, Esq.; Megan B. Poetzel, Esq.

> Plaintiff is directed to respond by 6-20-12, by letter not to exceed three (3) pages, to the matter set forth above by defendant, showing cause why this case should not be transferred to the District of Minnesota pursuant to 28 U.S.C. § 1404(a).
> SO ORDERED: Pending resolution of this issue, no motion to dismiss should be filed.
> 6-14-12
> DATE    VICTOR MARRERO, U.S.D.J.